# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RUBEN AGUIRRE, | )<br>) |
|       Plaintiff, | )   Case No. 2:13-cv-01409-LDG-CWH<br>) |
| vs. | )   **ORDER**<br>) |
| SOUTHERN NEVADA HEALTH DISTRICT, *et al.*, | )<br>)<br>) |
|       Defendants. | )<br>) |

This matter is before the Court on Defendants' Motion to Stay the Filing of the Joint Discovery Plan and Scheduling Order (#23), filed on December 10, 2013. Plaintiff did not submit an opposition.

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*). Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation and stating that if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, then they would contain such a provision). Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner*, 175 F.R.D. at 555-56 (*quoting Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. Common examples of situations in which good cause has been found are when jurisdiction, venue, or immunity are preliminary issues. *Id*.

Further, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See, e.g., Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action cannot be determined in some cases without discovery, and to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (stating that the better and more advisable practice is for the district court to allow litigants an opportunity to present evidence concerning whether a class action is maintainable, and such an opportunity requires "enough discovery to obtain the material").

On the other hand, the purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable a defendant to challenge the legal sufficiency of a complaint without subjecting it to discovery. *Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). The Ninth Circuit has held that discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a

protective order. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds*, *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir.2007) (en banc). Under Federal Rule of Civil Procedure 26(c), the court may limit the scope of disclosures or discovery on certain matters and prevent certain matters from being inquired into upon a showing of good cause or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* However, a party seeking a protective order must show a particular and specific need for the protective order, and broad or conclusory statements concerning the need for protection are insufficient. *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990).

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this Court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* Discovery is expensive. This Court is persuaded that the standard enunciated by Judges Reed and Hunt in *Twin City*, 124 F.R.D. 652, and *Turner*, 175 F.R.D. 554, should apply in evaluating whether a stay of discovery is appropriate while a dispositive motion is pending. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case.

The Court finds that Defendants have made the strong showing necessary to support the requested stay. Defendants contend that a stay of the filing of a joint discovery plan and scheduling order is warranted due to the pending Motion to Dismiss (#5). They assert that Plaintiff's complaint should be dismissed because it is barred by the statute of limitations. The Court finds that, similar to the situation in *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988), this is a case where a temporary stay of discovery will further the goals of judicial economy and control of the Court's docket. The issue before the Court in the pending dispositive motion do not require further discovery and are potentially dispositive of the entire case. In fact, the Court notes that the Motion to Dismiss (#5) is fully briefed and neither party asserted the need for additional discovery prior to the Court's determination. Further, the Court recognizes the importance of resolving statute of

1  limitations questions at the earliest possible stage in litigation.  In addition, Plaintiff failed to file an
2  opposition to Defendants' Motion to Stay.  Local Rule 7-2(d) provides that the "failure of an
3  opposing party to file points and authorities in response to any motion shall constitute a consent to
4  the granting of the motion."  Consequently, the Court finds that Plaintiff contents to staying
5  discovery until the Motion to Dismiss (#5) is decided.  Therefore, the Court has an interest in
6  controlling its docket and finds that requiring the parties to commence with the discovery period is
7  not warranted at this time.  The parties will be required to submit a proposed joint discovery plan
8  and scheduling order, in compliance with Local Rules 26-1 and 26-4, within ten (10) days after a
9  determination on the Motion to Dismiss (#5) is issued.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay the Filing of the Joint Discovery Plan and Scheduling Order (#23) is **granted**.

**IT IS FURTHER ORDERED** that the parties shall submit a proposed joint discovery plan and scheduling order, in compliance with Local Rules 26-1 and 26-4, within **ten (10) days** after a determination on the Motion to Dismiss (#5) is made.

DATED this 30th day of December, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**