# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RUBEN AGUIRRE,

    Plaintiff,

v.

SOUTHERN NEVADA HEALTH DISTRICT,

    Defendant.

Case No. 2:13-cv-01409-LDG (CWH)

**ORDER**

The plaintiff, Ruben Aguirre, brought this action alleging that the defendant, Southern Nevada Health District, discriminated against him in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§12101 *et seq.*, and Nevada Revised Statute §613.310 *et seq.* Aguirre alleges that SNHD terminated him because of his disability. SNHD moves for summary judgment (#36), which Aguirre opposes (#37).

<u>Summary Judgment</u>

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012).  To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim.  *Anderson,* 477 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."  *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323.  As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

American with Disabilities Act and NRS 613

The Americans with Disabilities Act (ADA), 42 U.S.C. §12111 *et seq*., prohibits discrimination against "a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. §12112(a).  Discrimination includes the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual who is an . . . employee." 42 U.S.C. §12112(b)(5)(A).  Only a "qualified individual with a disability," however, may state a claim for discrimination under the Act. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1480-81 (9th Cir. 1996).

The ADA defines "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m); *see also Kennedy*, 90 F.3d at 1481.

3

In the absence of direct evidence of discrimination in an employment termination, a plaintiff may maintain a claim of discrimination through indirect evidence by applying the formula first set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973). *See St. Mary's Honor Center v. Hicks*, 113 S.Ct. 2742, 2746-47 n.1 (1993). First, the plaintiff must establish a *prima facie* case of discrimination. As to a cause of action under the ADA for disability discrimination, the plaintiff must establish a prima facie case that 1) plaintiff is disabled within the meaning of the ADA; 2) plaintiff is qualified to do the job, with or without reasonable accommodation; and 3) the employer terminated the plaintiff because of the disability. *Kennedy,* 90 F.3d at 1481. "A plaintiff bears the burden of demonstrating that she can perform the essential functions of her job with or without reasonable accommodation." *Id.,* (citing *Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir. 1990).

If the plaintiff meets this initial burden, the employer is presumed to have discriminated against the plaintiff. The employer then has the burden to articulate some other, legitimate reason for the termination. If the employer meets this burden, the presumption of discrimination disappears and the plaintiff has the burden of showing that the employer's stated reason was pretextual or not worthy of credence. *Hicks*, 113 S.Ct. at 2749; *Smith v. Barton*, 914 F.2d 1330, 1340 (9th Cir.1990).[1] "On the other hand, if the employer acknowledges reliance on the disability in the employment decision, the employer bears the burden of showing that the disability is relevant to the job's requirements." *Teahan v. Metro-North Commuter R.R. Co.,* 951 F.2d 511, 514-515 (2nd Cir. 1991). Thus, the plaintiff retains the ultimate burden of showing impermissible discrimination on basis of a disability.

---

[1] Cases involving the Rehabilitation Act are instructive because the ADA was intended to enlarge the scope of the prohibition against disability discrimination to private employers. *See Smith*, 63 F.3d at 832 n. 3.

4

Aguirre's initial burden is to establish that he suffers from a disability, as that term is defined in the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*. Specifically, Aguirre must show that:

(A) he has a physical or mental impairment that substantially limits one or more of his major life activities;

(B) he has a record of such an impairment; or

(C) he is regarded as having such an impairment.

42 U.S.C. §12102(2).

The language of NRS 613 *et seq* is almost identical to the ADA and, thus, the analysis for both Aguirre's ADA and NRS 613 claim is the same.

Qualified Individual

SNHD argues that Aguirre cannot establish that he is a "qualified individual," that is, that he cannot show that, with or without reasonable accommodation, he could perform the essential functions of the employment position from which he was terminated at the time SNHD terminated him.

In February 2010, Aguirre requested leave from SNHD to accommodate having surgery performed on each of his feet. Aguirre indicated that he would commence leave on March 19, 2010, and that he would remain on leave for six to eight weeks. On March 9, 2010, SNHD informed Aguirre that his request for leave was granted, but noted that his leave would be exhausted as of June 2, 2010, and that Aguirre would be required to return to work with no restrictions after that date. Aguirre acknowledged in his deposition that he had exhausted all of his leave from work as of June 2, 2010.

Aguirre had the surgeries performed on his feet on March 19, and April 30. On April 21, Aguirre's doctor prepared a Fitness for Duty Certification indicating, *inter alia*, that Aguirre would not be able to return to work for three months. On May 9, Aguirre informed SNHD that the earliest he would be able to return to work would be July 26, 2010.

SNHD argues what is otherwise obvious: when all essential functions of a job must be performed at a specific work location, attendance at that work location is an essential function of the job.  An inability to even appear at the location where the essential functions of work must be performed is an inability to perform the most essential function of that work–to appear at work.

In this case, Aguirre was employed as a Security Aide.  By the nature of the job, the essential functions of a Security Aide for SNHD could only be performed on SNHD's premises.  In May, Aguirre informed SNHD that he could not return to work as of June 2, and thus informed SNHD of the date that he would not be able to perform the essential function of being at work when attendance at work was required and could not be excused. While Aguirre had indicated that he would be able to return to work (at the earliest) on July 26, an anticipated ability to perform work seven weeks after the date that attendance at work was required is irrelevant to whether Aguirre was qualified to work on the date of his termination.

Aguirre's opposition fails to offer any evidence that, as of June 2, he was able to go to work as a Security Aide for SNHD.  Aguirre's cursory argument–that SNHD concedes that he was able to walk and stand–does not meet his burden of establishing that he could perform the essential function of showing up for work after June 2.  Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendant Southern Nevada Health District's Motion for Summary Judgment (#36) is GRANTED; the claims of plaintiff Ruben Aguirre against Southern Nevada Health District are DISMISSED with prejudice.

DATED this __15__ day of March, 2016.

_____
Lloyd D. George
United States District Judge

6